UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANTHONY WINDER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-00449-JRS-MPB |
| | ) | |
| WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for Writ of Habeas Corpus and
Directing Entry of Final Judgment**

The petition of Anthony Winder for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISR-17-08-0123. For the reasons explained in this Order, Mr. Winder's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (*per curiam*), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On August 12, 2017, Sergeant Hubbard wrote a Conduct Report charging Mr. Winder with A-100, violation of law (Indiana Code 35-48-1-9). Dkt. 11-1. The Conduct Report states:

> At approximately 10:20 p.m. on August 12, 2017, Officer J. Gannon, Officer L. Gray, and I, Sergeant G. Hubbard, were conducting a search of cell 19 on the 6F range of J cell house which currently houses offender Winder, Anthony #905047. While searching this cell I found a sock underneath of the cell table that appeared to have something inside of it. Upon further investigation I found that the sock contained inside of a small plastic bag five small, rectangular packages made out of green paper that contain a green, leafy substance, three small, rectangular packages made out of white paper which are wrapped in saran wrap that contain a green, leafy substance, and two small, cylindrical packages made out of white paper that contain a light-blue crystal substance inside of them.

Dkt. 11-1. Officers Gannon and Gray submitted written statements corroborating Sergeant Hubbard's Conduct Report. Dkt. 11-11; dkt. 11-12. Sergeant Hubbard completed an evidence record of the confiscated items and noted that the items were delivered to "DHB Locker 303." Dkt. 11-2. Pictures were taken of the confiscated items, and Mr. Winder was provided with a Notice of Confiscated Property, which identified the confiscated items as "1-small plastic bag," "5- small, rectangular packages made of green paper that contain a green, leafy substance," "3- small, rectangular packages made out of white paper which are wrapped in saran wrap that contain a green, leafy substance," and "2- small, cylindrical packages made out of white paper that contain a light-blue crystal substance inside of them." Dkt. 11-3; dkt. 11-4. On August 21, 2017, Investigator Brock Turney wrote an email stating that "[t]he 8 packages of green leafy substance were identified as marijuana, the 2 packages of light blue crystal substance tested positive for Meth." Dkt. 11-10.

Mr. Winder was notified of the charge on August 23, 2017, when he received the Screening Report. In his screening report, the alleged offense was identified as "Violating any law – Poss. Of. Cont. subs. IC 35-48-1-9." He pleaded not guilty to the charge, requested a lay advocate, and

did not request any physical evidence. Dkt. 11-5. He requested to call Officer Dean as a witness, who was not present during the shakedown, but brought him a confiscation slip six days after the search. His request to call Officer Dean was "-denied-." *Id.* A lay advocate was later appointed for Mr. Winder. Dkt. 11-6.

It appears that Mr. Winder's prison disciplinary hearing was originally scheduled for August 22, 2017, but was postponed to August 31, 2017. Dkt. 11-7. His hearing was postponed a second time "due to the large amount of cases." Dkt. 11-8.

The prison disciplinary hearing was held on September 11, 2017. According to the notes from the hearing, Mr. Winder stated, "The night I was never informed about any drugs being found in my cell. I wasn't given a confiscation slip on it 6 days later about finding the drugs. It had the date on it that the drugs were found, however I was not told." Dkt. 11-9.

Based on the staff reports, evidence from witnesses, the identification of the drugs by the investigator, and the evidence card with pictures, the hearing officer found Mr. Winder guilty of A-100, violation of any law, specifically IC 35-48-1-9, possession of controlled substances. Dkt. 11-9. The sanctions imposed included 100 days of earned-credit-time deprivation and a credit class demotion.

Mr. Winder appealed to the Facility Head and the Indiana Department of Correction (IDOC) Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

In his petition, Mr. Winder asserts four grounds to challenge his prison disciplinary conviction: (1) his lay advocate was not notified of his case beforehand, was not qualified to do the job, and was not of his choosing; (2) his request for a witness was improperly denied and

3

Officer Dean would have testified that the conduct report and confiscation was not written until six days after the incident occurred, a violation of IDOC policy; (3) the postponement notifications were issued improperly in violation of IDOC policy; and (4) the confiscated substances were never tested, and if they were tested, he was never provided with the results or paperwork with which to challenge the supposed findings.

The respondent construes Mr. Winder's claims to be: "(1) he was convicted on insufficient evidence; (2) IDOC did not provide him with copy of the testing report he requested on the day of the hearing; and, (3) IDOC violated due process by not following its own policies on the promptness of delivering the confiscation slip, training the lay advocate, [denying Officer Dean's testimony,] and continuing the hearings." Dkt. 11 at 5. The respondent argues that Mr. Winder waived certain arguments by failing to exhaust the administrative appeals process and that, in any case, some evidence existed to support his disciplinary conviction and his due process rights were not violated. Dkt. 11.

In reply, Mr. Winder asserts that he requested, at screening, a copy of the test results of the items which were found, but his request was denied. He reiterates his arguments regarding the denial of witness, violation of IDOC policy in regard to his lay advocate, and that the evidence was insufficient due to numerous IDOC and due process violations. *See* dkt. 14.

    1.    <u>Failure to Exhaust</u>

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the IDOC Appeals Review Officer or Final Reviewing Authority may be raised in a subsequent Petition for Writ of Habeas Corpus. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir. 2002). The respondent argues that Mr. Winder failed to exhaust the administrative appeals process as to some of his claims, and

4

because the time to complete such administrative appeals process has passed, no habeas relief on those grounds can be given.

The record reflects that, in his appeal to the Facility Head, Mr. Winder only raised the issues of his lay advocate, the improper postponement, and the denial of his witness. Dkt. 11-13. Thus, the undisputed record reflects that Mr. Winder failed to timely exhaust his available administrative remedies on the grounds that the confiscated substances were not properly tested, that his request for testing about the substance was improperly denied, or that he was convicted on insufficient evidence. Thus, habeas relief is not available to Mr. Winder on these grounds.

2. Lay Advocate

Mr. Winder alleges that his lay advocate was inadequate and not of his choosing.

"[D]ue process d[oes] not require that the prisoner be appointed a lay advocate, unless 'an illiterate inmate is involved . . . or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case.'" *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992) (quoting *Wolff*, 418 U.S. at 570); *see also Wilson-El v. Finnan*, 263 Fed. Appx. 503, 506 (7th Cir. 2008).

Mr. Winder does not argue that he is illiterate or that the issues in this case was so complex as to require a lay advocate. Rather, he has fully briefed the issues on his own, demonstrating his literacy, and the charge in the disciplinary hearing was not complex – officers found a sock containing substances that were later found to be marijuana and methamphetamine. Accordingly, there is no due process violation and habeas relief is not available to Mr. Winder on this ground.

3.  <u>Violation of IDOC Policy</u>

Mr. Winder alleges various failures to follow IDOC policy with respect to his lay advocate, the postponement of his hearing, and the completion of the conduct report and notice of confiscated property.

Relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, such as the one at issue here, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008) (rejecting challenges to a prison disciplinary proceeding because, "[i]nstead of addressing any potential constitutional defect, all of [the petitioner's] arguments relate to alleged departures from procedures outlined in the prison handbook that have no bearing on his right to due process"); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002) ("A prison's noncompliance with its internal regulations has no constitutional import—and nothing less warrants habeas corpus review."); *see also Estelle v. McGuire*, 502 U.S. 62, 68 n.2 (1991) ("[S]tate-law violations provide no basis for federal habeas review."). Accordingly, Mr. Winder is not entitled to relief on the basis that IDOC policy was violated.

4.  <u>Testimony from Witness</u>

Mr. Winder next argues that he was denied live testimony from Officer Dean. He argues that, even though Officer Dean was not present at the search of his cell, Officer Dean witnessed Sergeant Hubbard completing the conduct report six days after the search.

"Inmates have a due process right to call witnesses at their disciplinary hearings when doing so would be consistent with institutional safety and correctional goals." *Piggie*, 344 F.3d at 678 (citing *Wolff*, 418 U.S. at 566). However, "prisoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002). Moreover, even if prison officials unjustifiably deny a timely evidentiary request, federal habeas relief is available only if the denial resulted in prejudice (*i.e.*, was not harmless). *Jones v. Cross*, 637 F.3d 841, 847–48 (7th Cir. 2011); *see also Davis v. Ayala*, 135 S. Ct. 2187, 2197–98 (2015).

Mr. Winder fails to show that the denial of testimony from Officer Dean resulted in prejudice or that the testimony would not have been irrelevant, repetitive and unnecessary. Rather, an alleged statement from Officer Dean that a conduct report was written six days after the search is irrelevant and unnecessary where Mr. Winder did not dispute that a search was conducted, and certain substances were found in his cell during the search. Moreover, Sergeant Hubbard's conduct report was corroborated by witness statements from Officers Gannon and Gray, and Mr. Winder does not allege irregularities with those statements. Officer Dean's statement would have, at most, implicated a violation of internal disciplinary proceeding policy, which as explained above, are not cognizable for federal habeas relief. Accordingly, Mr. Winder is not entitled to habeas relief on this ground.

**D.  Conclusion**

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Winder to the relief he seeks.

Accordingly, Mr. Winder's petition for a writ of habeas corpus must be **denied** and the action **dismissed**.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 1/18/2019

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANTHONY WINDER
905047
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Inmate Mail/Parcels
4490 West Reformatory Road
PENDLETON, IN 46064

Katherine A. Cornelius
INDIANA ATTORNEY GENERAL
katherine.cornelius@atg.in.gov